IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              No. 07-10111

PATSY A. WILKERSON,

    Defendant.

_____

ORDER ON DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER DENYING MOTION FOR BILL OF PARTICULARS AND FOR DISCOVERY
_____

On February 22, 2011, Magistrate Judge Edward G. Bryant, pursuant to an order of reference, denied the motion of the Defendant, Patsy A. Wilkerson, for a bill of particulars and for discovery. Pursuant to Local Rule 72.1(g)(1), the Defendant filed written objections to the magistrate judge's order. Those objections are now before the Court.

Title 28 U.S.C. § 636(b)(1)(A) permits a district judge to, subject to certain exceptions not relevant here, "designate a magistrate judge to hear and determine any pretrial matter pending before the court." Furthermore, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

Upon a timely objection to the magistrate judge's order, the district judge is instructed to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the district judge should defer to the order. <u>Ford. v Tennessee Senate</u>, No. 2:06-cv-2031, 2008 WL 4724371, *1 (W.D. Tenn. Oct. 24, 2008).

"A bill of particulars is the proper remedy where an indictment properly charges each of the

essential elements of the offense, but does not inform the accused with sufficient particularity as to what [she] will have to defend against at trial." United States v. Griesbeck, No. 10-20108-BC, 2011 WL 528579, at *4 (E.D. Mich. Feb. 8, 2011) (citing United States v. Branan, 457 F.2d 1062, 1065 (6th Cir. 1972)).  "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise."  United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008), *cert. denied*, ___ U.S. ___, 130 S. Ct. 489, 175 L. Ed. 2d 346 (2009) (citation omitted).  "The bill of particulars is not intended as a means of learning the government's evidence and theories."  Id. (citation & internal quotation marks omitted).  Upon review of the motion and the magistrate judge's order, the Court finds that the order is not clearly erroneous or contrary to law.

In the motion for discovery, the Defendant sought a summary of a statement by Wilkerson's co-defendant, Virginia Volner, that she never told Wilkerson about the scheme which is the subject of the instant prosecution, "but Wilkerson had to have known about it because nobody was that stupid."  The magistrate judge denied the request on the grounds that it constituted Jencks material.

The Jencks Act provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).  "If impeachment evidence is within the ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence . . . the government may not be compelled to disclose Jencks Act material before trial." United States v. Brazil, 395 F. App'x 205, 215 (6th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1058, 79

U.S.L.W. 3434 (U.S. Jan. 24, 2011) (quoting United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988)).  However, under the statute, the government is required "to produce statements in its possession of witnesses *who testify at a trial*.  The defendant is only entitled to the statement *after* the witness has testified."  United States v. Short, 671 F.2d 178, 185 (6th Cir.), *cert. denied*, 457 U.S. 1119, 102 S. Ct. 2932, 73 L. Ed. 2d 1332 (1982) (emphasis added).  Therefore, a defendant "is not entitled to inspect the statements of the government's witnesses unless and until they testify at trial."  United States v. Tindell, No. 3:06-CR-30, 2007 WL 1231684, at *5 (E.D. Tenn. Apr. 25, 2007).

Subsequent to the entry of the magistrate judge's order, the Government advised the Court that Volner would not in fact testify at trial.  Accordingly, it does not appear that Jencks requires production of the evidence sought.  *See* id.  The magistrate judge did not, however, address whether disclosure is appropriate under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), which "imposes on the government an obligation to turn over material that is both favorable to the defendant and material to guilt or punishment."  United States v. Bencs, 28 F.3d 555, 560 (6th Cir. 1994), *cert. denied*, 513 U.S. 1117, 115 S. Ct. 915, 130 L. Ed. 2d 796 (1995).  In order that the Court may determine whether disclosure is warranted under Brady, the Government is hereby DIRECTED to submit to the Court the evidence sought by the Defendant in the instant motion for discovery for *in camera* review within three (3) days of the entry hereof.

IT IS SO ORDERED this 28th day of February 2011.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE